UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW A. THEIN,

          Plaintiff,

    v.

RECONTRUST COMPANY, N.A., et al.,

          Defendants.

CASE NO. C11-5939BHS

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendants Recontrust Company, N.A., Mortgage Electronic Registration, Inc., BAC Home Loans Servicing, LP, BAC Home Loans Servicing, LP, and LandSafe Title of Washington's ("Defendants") motion to dismiss (Dkt. 8). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 17, 2011, Plaintiff Matthew A. Thein ("Thein") filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 2, Declaration of Andrew G. Yates, Exh. E ("Complaint"). Thein alleges violations of the Washington Deed of Trust Act ("DTA"), RCW Chapter 61.24; a Wrongful Foreclosure; a cause of action to quiet title; and violations of the Washington Consumer Protection Act

ORDER - 1

("CPA"), RCW Chapter 19.86. Complaint, ¶¶ 4.1-7.4. On November 16, 2011, Defendants removed the action to this Court. *Id*.

On November 23, 2011, Defendants filed a motion to dismiss. Dkt. 8. On December 19, 2011, Thein requested an extension of time to respond. Dkt. 11. On December 28, 2011, the Court granted Thein's request and renoted Defendants' motion for consideration on the Court's January 13, 2012 calendar. Dkt. 14. On January 9, 2012, Thein responded. Dkt. 15. On January 13, 2012, Defendants replied. Dkt. 19.

## II. FACTUAL BACKGROUND

On November 5, 2004, Gloria Thein, now deceased, obtained a $115,000 mortgage loan (the "Loan") to finance real property located at 1012 66th Avenue E, Tacoma, Washington 98424 (the "Property"). Complaint, ¶ 1.1; *id*. Exh. 1 ("Deed of Trust"). The Deed of Trust securing the Loan to the Property identifies Ms. Thein as the borrower, Countrywide Home Loans as the lender, LandSafe as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id*. MERS subsequently assigned its interest in the Deed of Trust to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP (now "BANA"); the assignment is evidenced by a Corporation Assignment of Deed of Trust recorded on October 28, 2010. *Id.*, Exh. 2 ("Assignment"). Also on October 28, 2010, BANA appointed ReconTrust as the successor trustee under the Deed of Trust. Dkt. 9, Declaration of Andrew G. Yates in Support of Motion to Dismiss ("Yates Decl."), Exh. A ("Appointment of Successor Trustee").

Thein subsequently defaulted on the Loan payments. A written notice of default was mailed to Thein on October 19, 2010 and personally delivered to him or posted on the Property on October 21, 2010. Complaint, Exh. 4 ("Notice of Trustee's Sale") at 3. On July 22, 2011, ReconTrust recorded a Notice of Trustee's Sale referencing total Loan arrearages of $13,862.44 and ongoing default since June 2010. *Id*., Exh. 4 at 4. The

ORDER - 2

Notice indicated that the Property would be sold at public auction on October 28, 2011. *Id*., Exh. 4. The sale was later cancelled and a notice of the cancellation was recorded on October 18, 2011. Yates Decl., Exh. B ("Notice of Discontinuance of Trustee's Sale"). No sale of the Property is currently pending.

## III. DISCUSSION

**A.    Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**B.    Wrongful Foreclosure**

In Washington, there is no cause of action for "wrongful foreclosure" when no foreclosure has in fact occurred. *See Vawter v. Quality Loan Svc. Corp. of Wa.*, 707 F. Supp. 2d 1115, 1123-24 (W.D. Wash. 2010); *see also Engel v. First Am. Tit. Ins. Co.*, 2010 WL 3819372 (W.D. Wash.). Absent a trustee's sale of the property, a claim for wrongful foreclosure must be dismissed as a matter of law. *Vawter*, 707 F. Supp. 2d at 1124.

In this case, there has been no sale of the Property. Therefore, the Court grants Defendants' motion and Thein's claim for a wrongful foreclosure is dismissed as a matter of law.

**C. DTA**

Thein alleges that the foreclosure must be enjoined under the DTA to require verification of accounting, verification of the right to enforce the Note, and verification of the proper beneficiary under the Deed of Trust. These are labels and conclusions that do not rise to the level of a formulaic recitation of the elements of a cause of action. Moreover, Thein fails to allege any facts that establish Defendants have stated an improper accounting in the Notice of Trustee's Sale.

With regard to the other two conclusory allegations, Thein appears to be questioning the validity of the successor trustee and beneficiary. This conclusory "show me the note" cause of action has been routinely rejected. *See, e.g., Vawter*, 707 F. Supp. 2d at 1105. Therefore, the Court grants Defendants' motion and Thein's DTA claims are dismissed.

**D. Quiet Title**

To maintain a quiet title action against a mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based. *See Evans v. BAC Home Loans Servicing LP*, 2010 WL 5138394, at *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust.").

In this case, the Notice of Trustee's Sale submitted with Thein's complaint shows outstanding debt on the loan. Thein has failed to allege that he has paid the amount owed or is able to pay the amount owed. Instead, Thein requests that the Court enter a judgment forever extinguishing the Deed of Trust and vesting title in Thein free and clear of any lien. Complaint, ¶ 8.2. Thein fails to state a cognizable legal theory that establishes such an extraordinary remedy. Therefore, the Court grants Defendants' motion and Thein's quiet title claim is dismissed as a matter of law.

**E.     CPA**

To establish a violation of the CPA, a plaintiff must plead and prove five elements: "(1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act." *Michael v. Mosquera-Lacy*, 165 Wn. 2d 595, 602 (2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780 (1986)).

In this case, Thein has failed establish any unfair or deceptive act by Defendants or any actual injury to his property. Therefore, the Court grants Defendants' motion and Thein's CPA claim is dismissed.

**F.     Relief**

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Thein requests that the Court dismiss the case "without prejudice" and with leave to amend at Thein's discretion. Dkt. 15 at 3. Defendants request that the Complaint be dismissed with prejudice. Dkt. 19 at 9. The Court declines to dismiss the causes of action with prejudice because there is a possibility that Thein may establish these causes of action in the future. For example, if the Property is foreclosed, Thein may have a cause of action for wrongful foreclosure. Morever, if Thein satisfies the outstanding debt, he may have a cause of action for quiet title. At this time, however, Thein has failed to establish a cause of action that entitles him to either damages or an injunction to prevent a foreclosure of the Property. Therefore, the Court dismisses the Complaint without prejudice.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss is **GRANTED without prejudice** and the Clerk shall close this case.

DATED this 16th day of February, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge